IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RIAN WAYNE BREIDENBACH,<br><br>Defendant. | CR 15-13-H-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Rian Wayne Breidenbach (Breidenbach) has been accused of violating the conditions of his supervised release. Breidenbach admitted all of the alleged violations. Breidenbach's supervised release should be revoked. Breidenbach should be placed in custody for 3 months, with a lifetime of supervised release to follow.

## II. Status

Breidenbach pleaded guilty to Possession of Child Pornography on November 2, 2015. (Doc. 15). The Court sentenced Breidenbach to 60 months of custody, followed by a lifetime of supervised release. (Doc. 34). Breidenbach's current term of supervised release began on November 19, 2021. (Doc. 80 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on July 19, 2023, requesting that the Court revoke Breidenbach's supervised release. (Doc. 80). The Amended Petition alleged that Breidenbach had violated the conditions of his supervised release: 1) by possessing materials depicting sexually explicit conduct; 2) by being suspended from his sex offender treatment program; 3) by knowingly having contact with a child under the age of 18; and 4) by failing to successfully complete his sex offender treatment program.

**Initial appearance**

Breidenbach appeared before the undersigned for his initial appearance on August 8, 2023. Breidenbach was represented by counsel. Breidenbach stated that he had read the petition and that he understood the allegations. Breidenbach waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 8, 2023. Breidenbach admitted that he had violated the conditions of his supervised release: 1) by possessing materials depicting sexually explicit conduct; 2) by failing to successfully complete his sex offender treatment program; 3) by knowingly having

contact with a child under the age of 18; and 4) by failing to successfully complete his sex offender treatment program. The violations are serious and warrant revocation of Breidenbach's supervised release.

Breidenbach's violations are Grade C violations. Breidenbach's criminal history category is I. Breidenbach's underlying offense is a Class C felony. Breidenbach could be incarcerated for up to 24 months. Breidenbach could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Breidenbach's supervised release should be revoked. Breidenbach should be incarcerated for 3 months, with a lifetime of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Breidenbach that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Breidenbach of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Breidenbach that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any,

sanction to impose.

The Court **FINDS:**

> That Rian Wayne Breidenbach violated the conditions of his supervised release: by possessing materials depicting sexually explicit conduct; by failing to successfully complete his sex offender treatment program; by knowingly having contact with a child under the age of 18; and by failing to successfully complete his sex offender treatment program.

The Court **RECOMMENDS:**

> That the District Court revoke Breidenbach's supervised release and commit Breidenbach to the custody of the United States Bureau of Prisons for 3 months, with a lifetime of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 9th day of August, 2023.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge